IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| ERNEST CHRISTOPHER MURRAY | ) | |
| **Debtor(s)** | ) | CHAPTER 13 |
| | ) | |
| AMERICREDIT FINANCIAL SERVICES, INC. | ) | Case No.: 18-17968 (REF) |
| dba GM FINANCIAL | ) | |
| **Moving Party** | ) | |
| | ) | **OBJECTION TO CONFIRMATION** |
| v. | ) | |
| | ) | |
| ERNEST CHRISTOPHER MURRAY | ) | |
| **Respondent(s)** | ) | |
| | ) | |
| SCOTT WATERMAN | | |
| **Trustee** | | |

AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), a secured creditor of the Debtor, objects to the Debtor's plan for the following reasons:

A. The Debtors' proposed cramdown value of $2,600.00 for the **2007 Ford Edge** is too low.  The vehicle has an average retail value of $7,575.00 as per the NADA Official Used Car Guide, February 2019 edition. In accordance with §506(a)(2), the replacement value of the vehicle is the full retail value.  The Debtor must pay $7,575.00 plus interest, in order to adequately protect GM Financial for any risk of loss.

B. The plan as proposed also violates §1326(a)(1) since it does not provide for payment to GM Financial of adequate protection payments.  Adequate protection payments should be made to GM Financial beginning in January of 2019 at $100.00 per month,

being 1.25% of the vehicle value.  Payments should be made within 30 days of filing and should continue up to and after confirmation, until regular payments are to be commenced through the plan to GM Financial.  Adequate protection payments to GM Financial should be given super priority administrative expense status and in all events must be paid prior to payment of any counsel fees to Debtor's attorney.

C.  The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. AmeriCredit/GM Financial must be listed as loss payee or additional insured. **The Debtor must provide GM Financial with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtor provide proof of insurance**.

D.  GM Financial must retain its lien on the vehicle until such time that the Debtor completes his chapter 13 plan *and* receives a discharge.

/s/ William E. Craig
William E. Craig, attorney for
AmeriCredit Financial Services, Inc.
dba GM Financial

Dated: 2/11/19